UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:19-cv-00425-FDW-DCK

| | |
|---|---|
| GEORGE L. WESLEY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CHARLOTTE-MECKLENBURG )<br>COUNTY )<br>POLICE DEPARTMENT, DETECTIVE A. )<br>RENO, POLICE OFFICER/NAME )<br>UNKNOWN, MECKLENBURG COUNTY )<br>JAIL, WELLPATH, LLC, PSYCHIATRIC )<br>NURSE/INTAKE/NAME UNKNOWN, )<br>MECKLENBURG COUNTY, )<br>MECKLENBURG COUNTY SHERIFF'S )<br>OFFICE, SHERIFF GARY L. MFADDEN, )<br>CHIEF OF POLICE KERR PUTNEY, )<br>)<br>Defendants. ) | ORDER |

THIS MATTER is before the Court on several Motions to Dismiss Plaintiff's Complaint (Docs. Nos. 3, 10, 15, 17, 18, 23, 33). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court issued notices (Docs. Nos. 19, 24) to Plaintiff, who appears *pro se*, advising him of the burden he carries in responding to Defendants' motions, and all motions have been fully briefed. Additionally, Plaintiff has moved "for summary disposition" against Defendant Wellpath, LLC. (Doc. No. 43). Upon review by the Court, for the reasons below, the Motions to Dismiss the Complaint (Docs. Nos. 3, 10, 33) are DENIED AS MOOT, the Motions to Dismiss the Amended Complaint (Docs. Nos. 15, 17, 18, & 23) are GRANTED, and the Motion for "Summary Disposition" (Doc. No. 43) is DENIED.

1

## I. BACKGROUND

The procedural background of this case warrants explanation at the outset, as the *pro se* Plaintiff has filed multiple iterations of his complaint against Defendants. Plaintiff initiated this action on August 30, 2019, by filing a complaint against Defendants Charlotte-Mecklenburg Police Department ("CMPD"), CMPD Detective A. Reno, Mecklenburg County Sheriff's Office, an unknown CMPD police officer, and an unknown psychiatric nurse. (Doc. No. 1). On September 23, 2019, Plaintiff filed an Amended Complaint to add claims against additional Defendants: Mecklenburg County Jail, Mecklenburg County, Sheriff Gary L. McFadden ("Sheriff McFadden"), Chief of Police Kerr Putney ("Chief Putney"), and "Well Path [sic] Select Incorporated." (Doc. No. 5.) Aside from substituting some names (replacing "Sherriff Department" with "Jail," for example), the allegations remained almost identical. Compare Doc. No. 1, pp. 9-10 with Doc. No. 5, pp. 4-5). Notably, unlike the original complaint, the Amended Complaint did not include any signature page. (Doc. No. 1, p. 7).

Defendants CMPD, Mecklenburg County Jail, Mecklenburg County Sheriff's Office, Sherriff McFadden, Chief Putney, John Doe, and Detective A. Reno all moved to dismiss the Amended Complaint. (Docs. Nos. 10, 15, 17, 18, 23).

Defendant Wellpath Select Incorporated, an allegedly now non-existent entity, filed through its successor Aetna Health, Inc., a limited appearance on December 4, 2019. Arguing that Plaintiff mistakenly sued the wrong entity, Wellpath Select Incorporated moved to dismiss on multiple grounds, including the lack of *any* allegation against it. (Docs. Nos. 33, 36, p. 2). Wellpath Select Incorporated argued Plaintiff likely intended to sue the similarly named company, "Wellpath, LLC." Id. On December 24, 2019, after the motion had been fully briefed and while

2

it was still pending, Plaintiff filed a purported Second Amended Complaint without leave of court or the consent of Defendants. (Doc. No. 38). The new pleading seeks to add "Wellpath LLC" as a defendant by inserting "Wellpath LLC, formerly known as Correct Care" in various places throughout the allegations that were otherwise identical to the original and first Amended Complaint. (See Doc. No. 38, pp 9-10). Plaintiff proceeded to attempt to serve Wellpath, LLC, with the Second Amended Complaint. On January 17, 2020, Plaintiff and Wellpath Select Incorporated filed a stipulation of voluntary dismissal of all claims against Wellpath Select Incorporated with prejudice (Doc. No. 39). On February 2, 2020, Wellpath LLC, appeared through counsel to "answer[] Plaintiff's Second Amended Complaint [DE38] . . .. " (Doc. No. 41).

The Court will resolve the various issues associated with Plaintiff's unilateral filing of amended complaints below; however, the Court relies on both the First and Second Amended Complaints to provide the following factual background. In short, Plaintiff brings this action under 42 U.S.C. § 1983 and alleges Defendants violated his Eighth and Ninth Amendment rights by conspiring "to separate the Plaintiff from his resources, diminish his rights as a citizen, and unlawfully incarcerate Plaintiff beyond reasonable accommodations set forth by law." (Doc. No. 5, p. 4; Doc. No. 38, p. 9).

Plaintiff alleges CMPD Detective A. Reno arrested him and subsequently falsified a psychological profile of Plaintiff that portrayed him as mentally unstable. The allegations are unclear as to when or why this arrest occurred, and none of the allegations challenge the validity of the arrest. Plaintiff's claims hinge on Reno's alleged "Psychological profiling that portrayed events that occurred September 17, 2018 through to September 26, 2018 as an event concurrent with the arrest and detention of the Plaintiff." (Doc. No. 5, p.4; Doc. No. 38, p. 9). According to

3

Plaintiff, an unknown psychiatric nurse adopted Detective Reno's psychological profile as her own assessment and ordered Plaintiff to have a psychological evaluation by an area hospital before seeing a magistrate for bond. Plaintiff contends he was transported to Atrium Health Emergency Department on October 8, 2018, around 10:40 p.m., where it was "accessed [sic] as not a threat" and discharged back into police custody fifteen minutes later at 10:55 p.m. (Doc. No. 5, p. 4, ¶ 2; Doc. No. 38, pp. 9, ¶2).

Once back at Mecklenburg County Jail, Plaintiff saw a magistrate before being taken to a cell. The allegations do not indicate any decision or orders entered by the magistrate. The next morning, Plaintiff was taken to a medical observation cell. While in the observation cell, a jail nurse, whom the purported Second Amended Complaint indicates was employed by WellPath LLC, visited Plaintiff "with the same fostered [sic] assessment document in her possession." (Doc. No. 5, pp. 4-5, ¶4; Doc. No. 38, p. 9, ¶4). Later that evening, Plaintiff was taken from the observation cell and placed in another holding area. There, he was allegedly informed he was not being released on bond because of an involuntary commitment order. Plaintiff was transported to Novant Health on October 9, 2018, and admitted at 9:57 p.m. after Novant Health accepted "the officer's claim of a signed Involuntary Commit [sic] Order and planned the Plaintiff's treatment as such." (Doc. No. 5, p. 5, ¶ 6; Doc. No. 38, pp. 10, ¶6). According to the Complaints, he was "deemed stable and did not meet the criteria for inpatient psychiatric treatment" from Novant Health on October 10, 2018, at 2:05 p.m. Id. The allegations do not mention whether Plaintiff was then released back to the jail, released on bond, or otherwise free to leave. Plaintiff requests relief in the form of $20 million dollars from Defendants.

## II. STANDARD OF REVIEW

4

A.  **Amendment of Complaint**

The amendment of pleadings is governed by Rule 15 of the Federal Rules of Civil Procedure. In pertinent part, Rule 15 provides:

(a) . . . A party may amend its pleading *once as a matter of course* within:

(A) 21 days after serving it, or
(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1) (emphasis added). Where a party seeks to amend his complaint more than once as a matter of course, Rule 15(a)(2) permits amendment only with the defendant's written consent or the court's leave. However, Rule 15(a)'s "permissive standard" provides that such leave should be freely given by the court "when justice so requires." Ohio Valley Envtl. Coal., Inc. v. Hernshaw Partners, LLC, 984 F.Supp.2d 589, 592 (S.D.W.Va. 2013) (quoting Fed. R. Civ. P. 15(a)(2)). "This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc); see Conley v. Gibson, 355 U.S. 41, 48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Upholding the letter and the spirit of this rule, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999) (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)); see also Equal Rights Ctr. v. Niles Bolton Assocs., 602 F.3d 597, 603 (4th Cir. 2010). The grant or denial of a motion for leave to amend a pleading is committed to the sound discretion of the trial court. See Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); Equal Rights Ctr., 602 F.3d at 603.

### B. Motion to Dismiss for Failure to State a Claim

Here, Defendants move to dismiss pursuant to several provisions of Rule 12 of the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 12(b)(6) provides for dismissal when the pleading party fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal "sufficiency of a complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); accord E. Shore Mkts, Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The Supreme Court has also opined:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (alteration in original) (internal citations omitted) (quoting Twombly, 550 U.S. at 555-56).

"When considering a motion to dismiss involving *pro se* parties, the court construes the pleadings liberally to ensure that valid claims do not fail merely for lack of legal specificity." Brown v. Charlotte Rentals LLC, No. 3:15-cv-0043-FDW-DCK, 2015 WL 4557368, at *2 (W.D.N.C. July 28, 2015) (citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978)). At the same time, however, the Court should not "assume the role of advocate for the pro se plaintiff." Gordon, 574 F.2d at 1151 (quotation omitted).

### III. ANALYSIS

**A. Plaintiff's First and Second Amended Complaints**

The Court must first determine which of Plaintiff's Complaints, if any, are appropriately before the Court. Plaintiff initiated suit by filing his original complaint on August 30, 2019, (Doc. No. 1), and summons appears to have been executed on those named Defendants by the Mecklenburg County Sherriff Office on September 11, 2019, and September 12, 2019. (Docs. Nos. 7, 8, 9). On September 13, 2019, the Mecklenburg County Sherriff's Office filed a motion to dismiss the complaint (Doc. No. 3). On September 23, 2019, Plaintiff filed his first Amended Complaint. (Doc. No. 5). The Court finds this first Amended Complaint to be timely and appropriately filed pursuant to Fed. R. Civ. P. 15(a)(1) ("A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.").

Since Plaintiff had already exhausted his "once as a matter of course" opportunity, Plaintiff's unilateral filing of the Second Amended Complaint (Doc. No. 38) requires approval by the Court absent consent by Defendants, which is not present here. Notably, Plaintiff's pleading

7

filed as a Second Amended Complaint does not specifically seek leave of court. Nevertheless, this Court finds it appropriate under this record and given Plaintiff's pro se status, to construe the filing as a motion to amend the First Amended Complaint. See Stanfield v. Wigger, No. 2:14-CV-00839-PMD, 2015 WL 58077, at *2 (D.S.C. Jan. 5, 2015) ("the Court will construe Plaintiff's Second Amendment to Complaint as a Motion to Amend his Amended Complaint . . . ."); Carter v. Montgomery Cty. Recreation Dep't, No. CIV.A. DKC 13-2384, 2013 WL 6858873, at *3 (D. Md. Dec. 27, 2013) ("Plaintiff did not formally seek leave from the court, nor did he seek Defendants' consent prior to filing. The court will treat these amended complaints as motions to amend and deny the motions. Rule 15 encourages leniency, a value especially salient when the filer is pro se.").

In considering the construed motion to amend, the Court finds the unique nature of this record and Plaintiff's pro se pleadings favor permitting the amendment a second time. The Court specifically finds the Second Amended Complaint merely attempts to substitute the real party in interest, as all other allegations against all other Defendants remain the same. Plaintiff stated as much within the new pleading: "I apologize to The Court . . . for my mistakes. I have apologized to Well Path Select for my confusion in naming them as a defendant and have amended my filing to include the correct defendant of Wellpath LLC." (Doc. No. 38, p. 11). Moreover, Defendant Wellpath LLC has already filed its Answer, specifically referencing the Second Amended Complaint: "NOW COMES Defendant Wellpath, LLC, by and through the undersigned counsel, and answers Plaintiff's Second Amended Complaint [DE 38] . . . ." (Doc. No. 41.) Accordingly, allowing the amendment at this juncture does not prejudice any party; and nothing in the current record before the Court indicates bad faith or futility of amendment. Edwards, 178 F.3d at 242;

8

see also Ward Electronics Service, Inc. v. First Commercial Bank, 819 F.2d 496, 497 (4th Cir. 1987).

Permitting this Second Amended Complaint, however, presents a separate issue for those Defendants who had previously moved to dismiss the First Amended Complaint. "As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect." Young v. City of Mount Ranier, 238 F.3d 567, 572 (4th Cir. 2001); see also Pure Country, Inc. v. Sigma Chi Fraternity, 312 F.3d 952, 956 (8th Cir. 2002) (noting that the court should rule on a motion for leave to amend a complaint before deciding a motion to dismiss that same complaint because allowing leave to amend renders the motion to dismiss moot). Under these principles, the motions to dismiss Plaintiff's original complaint filed by Defendant Mecklenburg Sherriff's Department (Doc. No. 3) and CMPD (Doc. No. 10) are DENIED AS MOOT.

Turning to the remaining motions to dismiss the First Amended Complaint filed by Defendants CMPD, Mecklenburg County Sherriff's Office, Mecklenburg County Jail, Sheriff McFadden, Chief Putney, Detective A. Reno, Jane Doe, and John Doe, the Court finds these motions are not *per se* mooted by allowing the Second Amended Complaint. The allegations in the Second Amended Complaint against these Defendants remain *entirely unchanged* from the First Amended Complaint and each of these pending motions challenge only the sufficiency – or lack thereof – of these same allegations against them. Thus, the arguments in these motions remain ripe for review. The Court cannot anticipate any new argument these Defendants might raise against the Second Amended Complaint that are not already presented in the pending motions. Accordingly, in the interests of judicial efficiency in this rare circumstance and under this unique record, the Court finds the motions are not per se mooted by the filing of a subsequent pleading

9

and converts those motions to dismiss as seeking dismissal of the Second Amended Complaint. This Court will therefore construe the pending motions to dismiss as also applying to the Second Amended Complaint.

**B. Motions to Dismiss claims against Defendants Charlotte-Mecklenburg Police Department, Mecklenburg County Sheriff's Office & Mecklenburg County Jail**

Defendants CMPD, Mecklenburg County Sherriff's Office, and Mecklenburg County Jail all rely on Rule 12(b)(6) of the Federal Rules of Civil Procedure and argue Plaintiff fails to sufficiently plead any plausible claim against them. (Docs. Nos. 16, 17, 18).[1] In order to successfully allege a violation of 42 U.S.C. § 1983, Plaintiff must show that a "person" acting under the color of state law violated his constitutional rights. See also 42 U.S.C. § 1985(1) (requiring a plaintiff to show, inter alia, a conspiracy of two or more "persons"). "The capacity of a governmental body to be sued in the federal courts is governed by the law of the state in which the district court is held." Avery v. Burke Cnty., 660 F.2d 111, 114 (4th Cir. 1981) (citing Fed. R. Civ. P. 17(b)); see also Smith v. Munday, 848 F.3d 248, 256–57 (4th Cir. 2017). In North Carolina, in the absence of a statute, "the capacity to be sued exists only in persons in being." McPherson v. First & Citizens Nat. Bank of Elizabeth City, 81 S.E.2d 386, 397 (N.C. 1954). Therefore, departments of municipalities are not susceptible to suit without statutory authorization. See Martin v. Mecklenburg Cnty. Park & Recreation Dep't, 2006 WL 3780418 at *2 (W.D.N.C. Dec. 20, 2006) (departments of cities cannot be sued alone).

---

[1] The Court notes that while the docket indicates Defendant CMPD filed two motions to dismiss (Docs. Nos. 17, 18), it appears as though Document Number 18 is the motion, while Document Number 17 appears to be the Memorandum in Support of the Motion. Nevertheless, because CMPD captioned both documents as "motions" and filed both documents as "motions," the Court will rule on them collectively.

10

"Under North Carolina law, police departments cannot be sued as entities." Smith, 848 F.3d at 256–57 (4th Cir. 2017) (citing Ostwalt v. Charlotte–Mecklenburg Bd. of Educ., 614 F.Supp.2d 603, 607 (W.D.N.C. 2008); see also Moore v. City of Asheville, 290 F.Supp.2d 664, 673 (W.D.N.C. 2003), aff'd, 396 F.3d 385 (4th Cir. 2005) (holding in a § 1983 case that "under North Carolina law, the Asheville Police Department is not a 'person' and, therefore, lacks the capacity to be sued."); Wilson v. Fayetteville Police Dep't, 2014 WL 555663 (Feb. 11, 2014) (dismissing § 1983 action for failure to state a claim upon which relief can be granted because the Fayetteville Police Department is not an entity capable of being sued."). Similarly, the Sherriff's Department and the Jail cannot be sued. Landry v. North Carolina, 2011 WL 3683231, report and recommendation adopted, 2011 WL 3682788 (W.D.N.C. Aug. 23, 2011) (North Carolina sheriff's departments are not legal entities under North Carolina law capable of being sued); Cherry v. Mecklenburg County Jail, et. al, 2011 WL 3322799, at *1 (W.D.N.C. Aug. 2, 2011) ("The Mecklenburg County Jail is not a "person" subject to suit under 42 U.S.C. § 1983.")

Plaintiff's claims against the Charlotte-Mecklenburg Police Department, Mecklenburg County Sheriff's Office, and Mecklenburg County Jail must be dismissed because they are entities that lack the legal capacity to be sued.

While not specifically plead, to the extent Plaintiff seeks to sue CMPD, the Sherriff's office, and the Jail as municipal entities, dismissal is still appropriate under a theory of municipality liability. A municipality or other local government entity may be held liable under § 1983 only "where the constitutionally offensive acts of [ ] employees are taken in furtherance of some municipal 'policy or custom.'" Milligan v. City of Newport News, 743 F.2d 227, 229 (4th Cir. 1984) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)); see also Wolf v.

11

Fauquier Cty. Bd. of Supervisors, 555 F.3d 311, 321 (4th Cir. 2009) ("A county may be found liable under 42 U.S.C. § 1983 only 'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.' ") (citations omitted). This is true even under the doctrine of respondeat superior, which is generally inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of employees, absent official policy or custom resulting in an illegal action. Monell, 436 U.S. at 694–95.

Here, Plaintiff fails to sufficiently allege any policy (whether express or adopted through ratification) or custom that could provide a basis for municipal liability under any of his § 1983 claims against CMPD, the Sherriff's office, or the Jail. Notably, Plaintiff's pleadings barely mention CMPD and are devoid of any allegations whatsoever against the Mecklenburg County Sherriff's Department.[2] Instead, the allegations all concern individual officers, only one of which is named leaving the others unidentified. Moreover, none of the allegations point to those officers' actions being based on official policy or custom.

Finally, even if these Defendants could be sued, the Court finds the allegations, read together and in the light most favorable to Plaintiff, fail to sufficiently state a claim for relief against CMPD, the Sherriff's office, or the Jail. Here, Plaintiff alleges Defendants "with malice and intent . . . [d]id conspire and coordinate efforts to separate the Plaintiff from his resources, diminish his rights as a citizen, and unlawfully incarcerate Plaintiff beyond reasonable

---

[2] Plaintiff's single reference in the entire complaint to the Sheriff's Department occurs only where he is identifying the place to where he was transported, namely "Mecklenburg Sherriff Office Central for processing . . . ." (Doc. No. 38, p. 9).

12

accommodations set forth by law." (Doc. No. 38, p. 9). The Fourth Circuit recently reiterated the well-settled law that:

> "[W]here a conspiracy is alleged, the plaintiff must plead facts amounting to more than 'parallel conduct and a bare assertion of conspiracy. Without more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality.'" A Society Without A Name v. Virginia, 655 F.3d 342, 346 (4th Cir. 2011) (quoting Twombly, 550 U.S. at 556-57, 127 S.Ct. 1955). "The factual allegations must plausibly suggest agreement, rather than being merely consistent with agreement." Id.
> 
> . . .
> 
> To establish a conspiracy under § 1983, the plaintiff must show that the Defendants "acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in [the] deprivation of a constitutional right." Hinkle v. City of Clarksburg, 81 F.3d 416, 421 (4th Cir. 1996). This is a "weighty burden." Id.

Barrett v. Pae Gov't Servs., Inc., No. 19-1394, 2020 WL 5523552, at *13, __ F.3d __, (4th Cir. Sept. 15, 2020). Here, as in Barrett, there are no factual allegations that plausibly suggest Defendants agreed to any illegal plan to violate Plaintiff's rights. There are no factual allegations that might explain why any Defendant would enter into such an agreement to intentionally violate Plaintiff's constitutional rights or cover up any alleged illegal activities. The conduct of having Plaintiff twice undergo a psychological evaluation while in custody for an arrest he does not contest, without more, is insufficient to state a conspiracy claim. Plaintiff's failure to plead what happened following his second evaluation from Novant Health is also fatal here. No allegations indicate whether Plaintiff was then released back to the jail, remained in custody, or released on bond (and if so, when), nor do any facts indicate the impact of these psychological evaluations as it relates to Plaintiff's alleged constitutional violations. Plaintiff simply asserts the psychological evaluations occurred based on falsified assessments. Plaintiff's allegations regarding the nature

13

of the "false witness testimony against the Plaintiff, in the form of a psychological profile assessment," (Doc. No. 38, p. 9), and corresponding evaluations are comprised of nothing more than "conclusory assertions and rank speculation" of the existence of any conspiracy or constitutional violation. Barrett, 2020 WL 5523552, at *14.

For these reasons, the claims against the Charlotte-Mecklenburg Police Department, Mecklenburg County Sheriff's Office, and Mecklenburg County Jail are dismissed.

**C. Motions to Dismiss claims against Defendants Sheriff Gary McFadden, Chief of Police Kerr Putney, Detective A. Reno, Jane Doe, & John Doe.**

The individual Defendants (Sherriff McFadden, Chief Putney, Detective Reno, and the unnamed Jane/John Does) also seek dismissal for Plaintiff's failure to state a plausible claim of relief against them. Each version of Plaintiff's complaints specifically indicates, by way of a checkbox, that Plaintiff's §1983 claims against Sheriff Gary McFadden, Chief of Police Kerr Putney, Detective A. Reno, Jane Doe, & John Doe are asserted against them *only* in their *official* capacities. Plaintiff did *not* check the box indicating he was also suing them in their individual capacities. (Doc. No. 5, pp. 2, 3).

The distinction between official and individual capacity suits under § 1983 has been explained in Dillard v. Fox, 2009 WL 88879 (W.D.N.C. Jan. 12, 2009).

> In Kentucky v. Graham, 473 U.S. 159 (1985), the Court sought to eliminate lingering confusion about the distinction between personal—and official—capacity suits. We emphasized that official-capacity suits "'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" Id., at 165 (quoting Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690, n. 55,(1978)). Suits against state officials in their official capacity therefore should be treated as suits against the State. 473 U.S., at 166. . . . Because the real party in interest in an official-capacity suit is the governmental entity and not the named official, "the entity's 'policy or custom' must have played a part in the violation of federal law." Graham, supra, at 166 (quoting Monell, supra, 436 U.S., at 694).

14

Dillard, 2009 WL 88879 at *3 (quoting Hafer v. Melo, 502 U.S. 21, 25 (1991)). Therefore, by suing Defendants in their official capacities, Plaintiff brings his claims against the government entities for which they work. Theodore v. City of Charlotte-Goins, 2013 WL 5934133, at *7 (W.D.N.C. Nov. 1, 2013) (citing Kentucky v. Graham, 473 U.S. 159, 165–66, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985)); see also McMillian v. Monroe Cty., 520 U.S. 781, 785 n.2 (1997).

The Court has already concluded above the allegations fail to sufficiently allege a cause of action against the government entities for whom these individual Defendants work. The Fourth Circuit has long recognized Monell and its progeny requiring a § 1983 plaintiff to adequately plead and prove the existence of an official policy or custom that proximately caused deprivation of their rights. Jordan by Jordan v. Jackson, 15 F.3d 333, 338 (4th Cir. 1994). Furthermore, the identification of a specific municipal policy or custom is a threshold requirement. See Semple v. City of Moundsville, 195 F.3d 708, 712 (4th Cir.1999).

As explained above, Plaintiff has failed to identify any custom or policy that resulted in his injuries. In response to the instant motions, Plaintiff argues he has evidence "in his possession" to support claims of "gross misconduct, abuses of process, violations of the Plaintiff's 8th and 9th Amendment rights . . . ." (Doc. No. 30, p. 1). Such broad allegations of misconduct, however, fail to satisfy the threshold requirement of alleging a specific, unconstitutional municipal policy or custom. In addition, none of the allegations mention – much less allege misconduct by – Sherriff McFadden or Chief Putney.

Thus, Plaintiff has failed to meet the threshold requirement of alleging an unconstitutional municipal policy or custom, and the claims against Defendants Sheriff Gary McFadden, Chief of Police Kerr Putney, Detective A. Reno, Jane Doe, and John Doe must be dismissed.

**D. Motion for "Summary Disposition" against Defendant Wellpath, LLC**

After Plaintiff served Defendant Wellpath LLC, with the Second Amended Complaint, he filed a "Motion to Disposition" [sic] on February 11, 2020, requesting "Summary Disposition" for WellPath's failure to respond to "a summons and a copy of this action in court, delivered by Certified mail 12/30/2019 and 1/7/2020." (Doc. No. 43). In opposing the motion, Wellpath notes it has filed an Answer and argues neither entry of default against it nor summary judgment for Plaintiff are appropriate at this juncture. (Doc. No. 44). The Court agrees. To the extent Plaintiff's motion seeks entry of default, it is DENIED. To the extent Plaintiff's motion seeks summary judgment against Wellpath, LLC, it is DENIED.

## V. CONCLUSION

IT IS THEREFORE ORDERED that Defendants Mecklenburg County Police Department and Mecklenburg County Sheriff's Office's Motions to Dismiss the original complaint (Doc. No. 3, 10) are DENIED AS MOOT;

IT IS FURTHER ORDERED that the Motion to Dismiss filed by Well Path Select Incorporated (Doc. No. 33) is DENIED AS MOOT in light of the stipulation of dismissal of that party;

IT IS FURTHER ORDERED that Plaintiff's Second Amended Complaint (Doc. No. 38) is hereby allowed;

IT IS FURTHER ORDERED that the remaining Defendants' Motions to Dismiss under Fed. R. Civ. P. 12(b)(6) (Docs. Nos. 15, 17, 18, & 23) are GRANTED and the claims in the Second Amended Complaint against Defendants CMPD, Mecklenburg County Sherriff's Department,

16

Case 3:19-cv-00425-FDW-DCK   Document 47   Filed 09/30/20   Page 16 of 17

Mecklenburg County Jail, Sheriff Gary McFadden, Chief of Police Kerr Putney, Detective A. Reno, Jane Doe, & John Doe are DISMISSED WITH PREJUDICE;

IT IS FURTHER ORDERED that Plaintiff's Motion for "Summary Disposition" (Doc. No. 43) is DENIED;

IT IS FURTHER ORDERED that pursuant to Wellpath's filing of its Answer, JOINDER OF THE ISSUES has occurred. Pursuant to this Court's Local Rules, "Motions to dismiss in answers to complaints . . . are deemed to be made merely to preserve the issue and will *not* be addressed by the Court. A party seeking a decision on a preserved motion must file a separate motion and supporting brief." LCvR 7.1(c)(1) (emphasis added). This Court's Local Rules further provide that "Rule 12 motions contained in an Answer, but not supported by a brief, act as placeholders[.]" LCvR 16.1(d). Accordingly, as it appears no motion is pending by Defendant Wellpath, the Court hereby instructs the parties to proceed with the Rule26(f) conference pursuant to the Federal Rules of Civil Procedure and the Local Rules for the Western District of North Carolina.

IT IS SO ORDERED.

Signed: September 30, 2020

Frank D. Whitney
United States District Judge

17

Case 3:19-cv-00425-FDW-DCK   Document 47   Filed 09/30/20   Page 17 of 17