UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:19-cv-00425-FDW-DCK

| | |
|---|---|
| GEORGE L. WESLEY,<br><br>    Plaintiff,<br><br>vs.<br><br>CHARLOTTE-MECKLENBURG COUNTY POLICE DEPARTMENT, DETECTIVE A. RENO, POLICE OFFICER/NAME UNKNOWN, MECKLENBURG COUNTY JAIL, WELLPATH, LLC, PSYCHIATRIC NURSE/INTAKE/NAME UNKNOWN, MECKLENBURG COUNTY, MECKLENBURG COUNTY SHERIFF'S OFFICE, SHERIFF GARY L. MCFADDEN, CHIEF OF POLICE KERR PUTNEY,<br><br>    Defendants. | ORDER |

THIS MATTER is before the Court on the Motion to Dismiss Plaintiff's Complaint filed by the sole remaining Defendant in this matter, WellPath, LLC. (Docs. Nos. 38, 48). Pursuant to the principles articulated in <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), the Court issued notice to Plaintiff, who appears *pro se*, of his right to respond to Defendant's motion to dismiss and the burden of proof he carries in responding. (Doc. No. 50). Upon review by the Court, for the reasons below, the Motion to Dismiss the Complaint (Doc. No. 48) is GRANTED.

**I. Background**

In the interest of judicial efficiency, the Court hereby incorporates by reference the entire background section noted in the Court's prior order on the other Defendants' motions to dismiss. (Doc. No 47). For purposes of this Order, the following additional background is relevant. On December 04, 2019, after receiving George L. Wesley's (hereinafter "Plaintiff") complaint,

1

Wellpath Select Incorporated (hereinafter "Wellpath Select") filed through its successor, Aetna Health Inc., a motion to dismiss. (Docs. Nos. 33, 36, p. 2). Wellpath Select claimed Plaintiff mistakenly sued the wrong entity and intended to sue Wellpath LLC (hereinafter "Wellpath"). On December 30, 2019, Plaintiff filed another amended complaint,[1] adding "Wellpath LLC" as a defendant to the complaint. (Doc. No. 38, p. 9). On January 17, 2020, Plaintiff and Wellpath Select filed a stipulation of voluntary dismissal of all claims against Wellpath Select with prejudice. (Doc. No. 39, p. 1). On February 05, 2020, Wellpath LLC appeared through counsel and filed its Answer to "Plaintiff's Second Amended Complaint," identifying within the Answer that it was responding to Document Number 38, as that pleading appears on the docket. (Doc. No. 41, p. 1).

Wellpath's Answer included several defenses, including grounds for dismissal under applicable rules of civil procedure for insufficient process, insufficient service of process, and failure to state a claim. (Doc. No. 41). Pursuant to Local Rule 7.1(C)(1), motions to dismiss contained in answers to complaints are considered by the Court to be preserved, and a party wishing the Court rule on a motion to dismiss must file a separate motion and supporting brief. Here, Wellpath did not brief or otherwise proceed on its motion until it filed the instant motion (Doc. No. 48) and memorandum (Doc. No. 49) on October 19, 2020, almost eight months after the filing of its Answer and after the Court had granted the motions to dismiss for several other Defendants. On October 26, 2020, a Roseboro order was issued advising Plaintiff of the burden he carries in response to Wellpath's Motion to Dismiss. On November 04, 2020, Plaintiff submitted his response in opposition to Wellpath's motion. (Doc. No. 51).

---

[1] This Second Amended Complaint was filed without leave of court and was Plaintiff's third attempt to set forth his claims in this matter. (Docs. Nos. 1, 5, 38). The Court previously ruled that pursuant to Fed. R. Civ. P. 15(a) and taking into account the record and Plaintiff's pro se status, amendment was appropriate. (Doc. No. 47, pp. 7-9). Accordingly, this Second Amended Complaint is the operative pleading here.

2

## II. Standard of Review

Defendant moves to dismiss pursuant to several provisions of Rule 12 of the Federal Rules of Civil Procedure, including for insufficient process pursuant to Rule 12(b)(4), insufficient service of process pursuant to Rule 12(b)(5), and failure to state a claim under Rule 12(b)(6). The Court will address each one in turn.

### A.    Motion to Dismiss for Insufficient Process and/or Service of Process

Wellpath contends the Amended Complaint should be dismissed pursuant to Rules 12(b)(4) and 12(b)(5) because of insufficient process and insufficient service of process. "Rule 12(b)(4) concerns the sufficiency of the form of the process, rather than the manner or method by which it is served. Rule 12(b)(5), on the other hand, challenges the mode of delivery or the lack of delivery of the summons and complaint." Davies v. Jobs & Adverts Online, Gmbh, 94 F. Supp. 2d 719, 721 n.5 (E.D. Va. 2000) (citation omitted).

A summons must "be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c). Service of process in this case is controlled by both North Carolina law, where this Court is located, as well as Tennessee law, as the state where service was attempted to be made on Defendant Wellpath. Fed. R. Civ. P. 4(e) ("[A]n individual . . . may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."); Fed. R. Civ. P. 4(h) (applying Fed. R. Civ. P. 4(e)(1) to service on corporate defendants). The North Carolina Rules of Civil Procedure provide that corporations should be served by delivering or mailing a copy of the summons and complaint to either "'an officer, director, or managing agent of the corporation,' someone who

appears to be in charge of that person's office, or to the person authorized to accept service for the corporation." Brown v. Blue Cross and Blue Shield of North Carolina, No. 1:03-CV-01085, 226 F.R.D. 526, 528 (M.D.N.C. 2004 (citing N.C. R. Civ. P. 4(j)(6)); see Fed. R. Civ. P. (4)(e)(1) (explaining that individuals and corporations may be served in a judicial district of the United States by following the "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."). Under Tennessee law, an LLC (like Defendant Wellpath) can be served "by delivering a copy of the summons and of the complaint to a partner or managing agent of the partnership or to an officer or managing agent of the association, or to an agent authorized by appointment or by law to receive service on behalf of the partnership or association." Tenn. R. Civ. P. 4.04(3).

**B.      Motion to Dismiss for Failure to State a Claim**

Wellpath also contends the Amended Complaint should be dismissed because Plaintiff has failed to state a plausible claim against it. Federal Rule of Civil Procedure 12(b)(6) provides for dismissal when the pleading party fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal "sufficiency of a complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); accord E. Shore Mkts, Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000). Generally, when a defendant moves to dismiss a complaint under Rule 12(b)(6), "courts are limited to considering the sufficiency of allegations set forth in the complaint and the 'documents attached or incorporated into the complaint.'" Zak v. Chelsea Therapeutics Intl'l, Ltd., 780 F.3d 597, 606 (4th Cir. 2015) (quoting E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011)). A complaint attacked by a Rule 12(b)(6) motion to dismiss

4

will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." Iqbal, 556 U.S. at 678. The "court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, the standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 556 U.S. at 678, and Twombly, 550 U.S. at 557).

**C. Applicable Law in Reviewing Pleadings by Pro Se Parties**

"When considering a motion to dismiss involving *pro se* parties, the court construes the pleadings liberally to ensure that valid claims do not fail merely for lack of legal specificity." Brown v. Charlotte Rentals LLC, No. 3:15-cv-0043-FDW-DCK, 2015 WL 4557368, at *2 (W.D.N.C. July 28, 2015) (citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978)). The Court is mindful that Plaintiff appears before this Court without counsel and must construe his complaint liberally, thus permitting a potentially meritorious case to develop if one is present. Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007). However, the liberal construction of a pro se plaintiff's pleading does not require the court to ignore clear defects in pleading, Bustos v. Chamberlain, No. 3:09-1760-HMH-JRM, 2009 WL 2782238, at *2 (D.S.C.

Aug. 27, 2009), or to become an advocate for the *pro se* party, Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

### III. Analysis

**A. Service of Process**

Wellpath relies Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) to challenge: (1) the adequacy of process, arguing the summons failed to identify any parties qualified to accept service; and (2) service of process, arguing the complaint and summons were not properly served. Wellpath makes little argument as to the sufficiency of process, and without a copy of the summons in the record, the Court is left to guess as to whether process is facially defective. The Court presumes without deciding that process was sufficient and instead focuses on the gravamen of Defendant's motion, which challenges the sufficiency of service of process.

Applying the applicable methods of service set forth above, the Court summarily finds the record before the Court demonstrates Plaintiff failed to satisfy his burden of showing service of process under Fed. R. Civ. P. 4(e)(1), 4(h); N.C. R. Civ. P. 4(j)(6); or Tenn. R. Civ. P. 4.04(3). Nothing indicates Plaintiff served an appropriate officer, director, managing agent, or authorized agent of Defendant Wellpath. Instead, Plaintiff attempted service by mailing a copy of the Summons and Second Amended Complaint via certified mail addressed to "Wellpath LLC, 128 Murfreesboro Road, Ste 500 Nashville, TN 37217." (Doc. No. 40). Nothing in the record demonstrates Plaintiff designated any individual on the envelope to be on served on Defendant's behalf, and nothing shows Plaintiff identified or served Wellpath's registered agent. (See Doc. Nos. 40 and 40-1). In other words, there is simply no evidence in the record to establish who accepted the certified mail or whether that person was authorized to accept service under the applicable North Carolina or Tennessee laws governing service of process. See Felder v. Duke Energy Carolinas, 2018 WL 3381435, at *2—*3 (W.D.N.C. 2018) (dismissing the *pro se*

plaintiff's case for improperly mailing summons to the defendant-corporation and for failing to obtain a signature from a designated agent of the defendant); Gittens v. Equifax Info. Serv., No. 3:16-CV-00228-FDW-DSC, 2019 WL 5790655, at *2—*4 (W.D.N.C. 2019) (dismissing a *pro se* plaintiff's case for failure to designate any officer or authorized agent of the defendant-corporation when serving process), aff'd, 801 Fed. Appx. 190 (4th Cir. 2020); Dolan v. United States, 514 F.3d 587, 595-96 (6th Cir. 2008) (applying Tennessee law and finding insufficient service where certified mail receipt was signed by person whose authority was not shown in the record); Arthur v. Litton Loan Servicing LP, 249 F. Supp. 2d 924, 929 (E.D. Tenn. 2002) (concluding plaintiff's service of corporate defendant did not comply with Tennessee law where there was "no probative proof in the record showing that [person served] was a corporate officer, managing agent, or other agent of [defendant] . . . .")

In short, Plaintiff has failed to carry his burden to show sufficient service of process. Service rules are "structured to ensure due process and . . . [t]hese rules apply equally to litigants proceeding with or without counsel." Shaver v. Cooleemee Volunteer Fire Dep't, 2008 WL 942560, at *2 (M.D.N.C. Apr. 7, 2008). Nevertheless, because it appears good cause might exist under Rule 4 of the Federal Rules of Civil Procedure to extend time for Plaintiff to properly serve Wellpath,[2] the Court finds that dismissal is not appropriate pursuant to Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure.

Even if good cause were not shown, bearing in mind this Circuit's preference for

---

[2] For example, the Court highlights some factors that could support good cause under Fed. R. Civ. P. 4(m) in allowing Plaintiff additional time to properly serve Wellpath, including: (1) Plaintiff's documented efforts throughout the course of this litigation indicating his effort to serve the appropriate party in this suit and dismiss parties not appropriately before the Court; and (2) Wellpath's nearly eight-month delay from the filing of its Answer preserving defenses to briefing the instant motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(4)-(5).

adjudicating cases on their merits,[3] as well as the civil rights violation alleged, the Court exercises its discretion to allow the untimely service in this matter and under this specific record. The Court will therefore turn to the merits of the arguments concerning dismissal under Fed. R. Civ. P. 12(b)(6).

**B.  Plaintiff's Claims Against Wellpath**

Wellpath argues dismissal is appropriate pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because Plaintiff fails to sufficiently plead any plausible claim against it. (Docs. Nos. 48, 49).

As an initial matter, it is appropriate to consider whether 42 U.S.C. § 1983 allows Plaintiff to sue Wellpath. It is well-settled that 42 U.S.C. § 1983 allows citizens subjected to the deprivation of their civil rights to sue certain persons or entities. Importantly, § 1983 "is not 'a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes.'" Lambert v. Williams, 223 F.3d 257, 260 (4th Cir. 2000) (quoting Baker v. McCollan, 443 U.S. 137, 144, 99 S. Ct. 2689, 61 L. Ed. 2d 433 (1979)).  The Supreme Court has held a local government entity is subject to suit under 42 U.S.C. § 1983 when execution of a government's policy or custom inflicts injury onto others. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). Relevant to this case, Monell

---

[3] The Fourth Circuit has explained this preference as recognized in long-standing precedent:

> [W]e have long adhered to the sound public policy of deciding cases on their merits, and not depriving parties of their fair day in court. This policy of deciding cases on their merits is so strong that, when a plaintiff has committed a procedural error, we will allow a district court to impose on him the harsh sanction of prejudicial dismissal, only in the extreme cases, where the plaintiff has shown a clear record of delay or has engaged in contumacious conduct. Requiring district courts to provide explicit and clear notice when they intend to dismiss the plaintiff's action with prejudice if he fails to satisfy its conditions promotes our strong preference that cases be decided on their merits. Such notice of this drastic consequence is likely to prompt most plaintiffs to act diligently in meeting these conditions, thereby averting prejudicial dismissal.

Choice Hotels Int'l, Inc. v. Goodwin & Boone, 11 F.3d 469, 471–72 (4th Cir. 1993) (internal citations and quotations omitted).

8

liability has been extended to private entities operating under "color of state law, including private prison health care providers." Green v. Obsu, 2021 WL 165135 at *12 (D. Md. 2021) (quoting West v. Atkins, 487 U.S. 42, 54 (1988) (holding that a private physician who is under a contract with the state to provide medical services to inmate's acts "under color of state law for purposes of § 1983")); see also Rodriguez v. Smithfield Packaging Co., Inc., 338 F.3d 348, 355 (4th Cir. 2003) (holding that the principles of § 1983 municipal liability "apply equally to a private corporation" acting under color of state law) (citing Austin v. Paramount Parks, Inc., 195 F.3d 715, 727 (4th Cir. 1999)); Barrett v. Pae Gov't Servs., Inc., 975 F.3d 416, 434 (4th Cir. 2020) (recognizing that "private persons who willfully participate in joint action with a state official act under color of law [are] within the meaning of § 1983." (quoting Scott v. Greenville Cnty., 716 F.2d 1409, 1422 (4th Cir. 1983)); Manning v. DVA Well Path Correct Care Sols., No. 1:20CV8, 2021 WL 1146983, at *4 (M.D.N.C. Mar. 25, 2021) (recognizing applicability of § 1983 to a private medical provider that contracts with a state to provide medical care to inmates). Bearing these principles in mind, the Court finds Wellpath's actions at bar were executed under color of state law.

The inquiry thus turns to whether Plaintiff has stated a plausible claim under § 1983 for violation of his Eighth and/or Ninth Amendment rights. The Ninth Amendment provides, "The enumeration in the Constitution of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const. Amend. IX. "[T]he Ninth Amendment creates no constitutional rights." Wohlford v. U.S. Dep't of Agriculture, 842 F.2d 1293, 1293 (4th Cir. 1988) (citing Strandberg v. City of Helena, 791 F.2d 744, 748 (9th Cir.1986)); see Cooper Butt ex rel Q.T.R. v. Barr, 954 F.3d 901, 908 (6th Cir. 2020) (same); Phillips v. City of New York, 775 F.3d 538, 544 (2d Cir. 2015) (same). The Strandberg case, which has been cited with approval by the

Fourth Circuit, concluded, "[T]he ninth amendment has never been recognized as independently securing any constitutional right, for purposes of pursuing a civil rights claim." 791 F.2d at 748 (citations omitted). It follows, therefore, the Ninth Amendment cannot support a § 1983 civil rights claim in the Fourth Circuit. See James-Bey v. N.C. Dep't of Public Safety, 1:19-cv-00020-FDW, 2019 WL 5198490 (W.D.N.C. Oct. 15, 2019) (dismissing § 1983 claim on initial review because the Ninth Amendment does not confer substantive rights and cannot form the basis of a § 1983 action). Accordingly, Plaintiff's § 1983 claim pursuant to the Ninth Amendment is dismissed.

The Fourth Circuit has observed, "[N]ot all Eighth Amendment violations are the same: some constitute 'deliberate indifference,' while others constitute 'excessive force.'" Thompson v. Virginia, 878 F.3d 89, 97 (4th Cir. 2017) (quoting Whitley v. Albers, 475 U.S. 312, 319-20, 106 S. Ct. 1078, 89 L.Ed.2d 251 (1986). As Thompson explained:

> The deliberate indifference standard generally applies to cases alleging failures to safeguard the inmate's health and safety, including failing to protect inmates from attack, maintaining inhumane conditions of confinement, or failing to render medical assistance. See Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); Wilson v. Seiter, 501 U.S. 294, 303, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). The deliberate indifference standard is a two-pronged test: (1) the prisoner must be exposed to "a substantial risk of serious harm," and (2) the prison official must know of and disregard that substantial risk to the inmate's health or safety. Farmer, 511 U.S. at 834, 837–38, 114 S. Ct. 1970. In excessive force cases, on the other hand, courts must determine "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6–7, 112 S. Ct. 995, 117 L.Ed.2d 156 (1992).
>
> To properly evaluate a prisoner's Eighth Amendment claim, courts ordinarily must choose which standard to apply as to each defendant. The two standards differ significantly, and importantly, deliberate indifference is not always easier to prove than excessive force. While excessive force does require malicious intent, it does not require that the prisoner victim suffer a "significant injury." McMillian, 503 U.S. at 9–10, 112 S. Ct. 995 ("When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated."). Therefore, a prisoner who suffers a minor, but malicious, injury may

> be able to prevail on an excessive force claim but not on a deliberate indifference claim.

Thompson v. Commonwealth of Virginia, 878 F.3d 89, 97–98 (4th Cir. 2017).

Here, Plaintiff's Second Amended Complaint wholly fails to identify under which Eighth Amendment theory he relies on in asserting his claims against Wellpath. Taking the allegations against Wellpath in the light most favorable to Plaintiff, Plaintiff contends that after he was arrested and detained at the Mecklenburg County Jail, an unknown psychiatric nurse employed by Wellpath accepted a police detective's allegedly-falsified psychological profile and ordered Plaintiff to undergo a psychological evaluation by an area hospital before seeing a magistrate to be considered for release on bond. (See generally Doc. No. 38.) According to the Second Amended Complaint, Plaintiff was "transported . . . to Atrium Health Emergency Department on October 8, 2018, at approximately 10:40 pm . . . seen and accessed [sic] as not a threat and discharge [sic] back into police custody on October 8, 2018, at 10:55 pm." (Doc. No. 38, p. 9.) The only other allegations against Wellpath in the Amended Complaint concern the next morning at the jail when the Wellpath nurse again "visited the Plaintiff's observation cell with the same fostered assessment document in her possession." (Doc. No. 38, p. 10.) The remaining allegations do not mention Wellpath and instead describe actions by other Defendants already dismissed by the Court.

To the extent Plaintiff relies on the excessive force standard, the Court concludes no allegations support a plausible claim against Wellpath under this theory. Nothing in Plainitff's Second Amended Complaint alleges, suggests, or alludes to Wellpath's malicious intent to cause injury or harm. Thompson, 878 F.3d at 97–98 (citing Hudson, 503 U.S. at 6–7).

Turning to whether Plaintiff can make out an Eighth Amendment claim relying on the deliberate indifference standard, the Fourth Circuit has made clear:

> "[T]o make out a prima facie case that prison conditions violate the Eighth Amendment, a plaintiff must show both '(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.'" Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quoting Williams v. Griffin, 952 F.2d 820, 824 (4th Cir. 1991)). The first prong is objective and requires that the deprivation be "sufficiently serious"; the second requires us to determine whether subjectively "the officials act[ed] with a sufficiently culpable state of mind." Wilson, 501 U.S. at 298, 111 S.Ct. 2321; see Strickler, 989 F.3d at 1379.

King v. Rubenstein, 825 F.3d 206, 217-18 (4th Circ. 2016); see also Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008).

A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko, 535 F.3d at 241 (quoting Henderson v. Sheahan, 196 F.3d 839, 846 (7th Cir. 1999)). A prison official is deliberately indifferent if he has actual knowledge of and purposefully disregards "the risk posed by the serious medical needs of the inmate." Iko, 535 F.3d at 241 (citing Farmer, 511 U.S. at 837); see also Makdessi v. Fields, No. 13-7606, 2015 WL 1062747, at *9 (4th Cir. Mar. 12, 2015) (holding that the subjective prong "may be proven by circumstantial evidence that a risk was so obvious that it had to have been known").

Furthermore, not "every claim by a prisoner [alleging] that he has not received adequate medical treatment states a violation of the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 105, 97 S. Ct. 285, 50 L.Ed.2d 251 (1976). To establish deliberate indifference, the treatment "must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990), overruled in part on other grounds by Farmer, 511 U.S. at 837. Mere negligence, malpractice, or incorrect diagnosis is not actionable under 42 U.S.C. § 1983. See Estelle, 429 U.S. at 106; see also Peterson v. Yates, No. 2:09-2327-JFA-RSC, 2009 WL 3739410, at *1 (D.S.C. Nov. 4, 2009) ("incorrect medical

12

treatment . . . is not actionable under 42 U.S.C.1983). A prisoner's difference of opinion over matters of expert medical judgment or a course of medical treatment do not rise to the level of a constitutional violation. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).

Here, Plaintiff's Second Amended Complaint lacks any allegation that Wellpath was deliberately indifferent to his medical needs. Indeed, to the contrary, the allegations in the Second Amended Complaint make clear the nurse, having heard a report from the officer as to Plaintiff's state of mind, ordered Plaintiff to be promptly assessed by medical officials in order to receive appropriate psychiatric or psychological treatment. Chessher v. Hall, 812 F.2d 1400 (4th Cir. 1987) (applying the deliberate indifference standard and concluding "There is a constitutional violation when inmates with serious mental illnesses are effectively *prevented* from being diagnosed and treated by qualified professionals" (Emphasis added.)).

At best, Plaintiff's claim could be construed as attempting to show Wellpath's deliberate indifference to his being "stable and competent" and "complete calmness throughout." (Doc. No. 38, pp. 9-10). Such liberal construction, however, fails to save Plaintiff's claim against Wellpath. While the deliberate indifference standard is applicable to a private medical provider that contracts with a state, "a private corporation is liable under § 1983 *only* when an official policy or custom of the corporation causes the alleged deprivation of federal rights." Austin v. Paramount Parks, Inc., 195 F.3d 715, 728 (4th Cir. 1999) (emphasis in original); see also Rodriguez v. Smithfield Packing Co., 338 F.3d 348, 355 (4th Cir. 2003) (citation omitted); Monell, 436 U.S. at 690–91. The use—and emphasis—of the word "only" by the Fourth Circuit in Austin is instructive here. In order for a claim to proceed against Wellpath for deliberate indifference, Plaintiff *must* identify a policy or custom or allege facts supporting any policy or custom on the part of Wellpath, which allegedly deprived him of his Eighth Amendment right against deliberate indifference.

The policy may be found in written ordinances and regulations, id. at 690, 98 S.Ct. 2018, in certain affirmative decisions of individual policymaking officials, Pembaur v. City of Cincinnati, 475 U.S. 469, 483–84, 106 S. Ct. 1292, 89 L. Ed. 2d 452 (1986), or in certain omissions on the part of policymaking officials that manifest deliberate indifference to the rights of citizens, City of Canton v. Harris, 489 U.S. 378, 388–89, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989). Outside of such formal decision-making channels, a custom may arise if a practice is so "persistent and widespread" and "so permanent and well settled as to constitute a 'custom or usage' with the force of law." Monell, 436 U.S. at 691, 98 S. Ct. 2018 (internal quotation marks omitted).

Plaintiff's Second Amended Complaint fails to set forth any plausible allegations tending to show Wellpath had a policy or custom in place that resulted in the deprivation of his rights. The Complaint does not identify any express policy promulgated by Wellpath or a decision by a Wellpath official with final policymaking authority that caused a deprivation of Plaintiff's Eighth Amendment rights; nor does the Second Amended Complaint properly allege such a deprivation through an omission or a practice that is so persistent and widespread as to constitute a custom with the force of law.

Plaintiff's only reference to Wellpath's policies appears in part of his argument in his *pro se* reply brief submitted in opposition to the instant motion. (Doc. No. 51, p. 1). Although Plaintiff has had multiple opportunities to amend his pleadings in this case, the Court construes Plaintiff's arguments as supplemental allegations to the Second Amended Complaint. Plaintiff contends Wellpath did not provide its employees "an effective procedure to follow in the case that an untoward act being perpetrated can be effectively remedied by its staff if reported or suspected to not follow the mission statement of Defendant, Wellpath LLC." (Doc. No. 51, p. 1). He also contends Wellpath did not follow the medical oath of "do no harm." (Doc. No. 51, p. 1). Even

14

taking these additional "allegations" into consideration, they constitute generic and conclusory allegations and fail to set forth a plausible § 1983 cause of action against Wellpath.

Also relevant here, it is firmly established that § 1983 liability cannot be predicated on a theory of respondeat superior, which means Plaintiff cannot establish that Wellpath is liable simply because it employed the psychiatric nurse generally referenced within the Second Amended Complaint. Iqbal, 556 U.S. at 676 ("Government officials may not be held liable [under § 1983] for the unconstitutional conduct of their subordinates under a theory of respondeat superior."); Clark v. Md. Dep't of Pub. Safety & Corr. Servs., 316 F. App'x 279, 282 (4th Cir. 2009) (unpublished per curiam) (stating that "the principles of respondeat superior have no application to § 1983 claims").

Finally, to the extent Plaintiff seeks to assert a conspiracy among Wellpath and others to violate his constitutional rights, the Court finds no plausible set of facts support this cause of action. Conclusory allegations by plaintiffs of unconstitutional deprivations will not suffice to survive a defendant's motion to dismiss. Tate v. Bondurant, 966 F.2d 1444 (4th Cir. 1992) (affirming dismissal where the complaint contained no allegation of any facts showing agreement between or among any of the Defendants, but merely made conclusory allegations of conspiracy under § 1983) (citing Ballinger v. North Carolina Agric. Extension Serv., 815 F.2d 1001, 1007 (4th Cir.), cert. denied, 484 U.S. 897 (1987)); see also Cole v. Gray, 638 F.2d 804, 811 (5th Cir. 1981) (murky allegations linked by speculation and conclusory allegations will not support claim under § 1983), cert. denied, 454 U.S. 838 (1981). Plaintiff alleges the nurse employed by Wellpath was part of a larger "conspiracy and coordination" with the Mecklenburg County Sherriff's Department. These allegations are conclusory and speculative, and dismissal for failure to state a claim is warranted. Iqbal, 556 U.S. at 681 ("It is the conclusory nature of respondent's allegations, rather than their

extravagantly fanciful nature, that disentitles them to the presumption of truth.").

For these reasons, the Second Amended Complaint on its face fails to state a plausible claim for relief against Wellpath under § 1983 for violations of the Eighth and Ninth Amendment and is dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## IV. Conclusion

IT IS THEREFORE ORDERED that Defendant Wellpath's Motion to Dismiss (Doc. No. 48) is GRANTED in part pursuant to Fed. R. Civ. P. 12(b)(6) and those portions of the motion seeking dismissal pursuant to Fed. R. Civ. P. 12(b)(4-5) are DENIED AS MOOT. The claims in the Amended Complaint against Defendant Wellpath LLC are DISMISSED WITH PREJUDICE.[4] The Clerk is respectfully directed to CLOSE THE CASE.

IT IS SO ORDERED.

Signed: May 17, 2021

Frank D. Whitney
United States District Judge

---

[4] The Court recognizes that dismissals pursuant to Fed. R. Civ. P. 12(b)(4) and (b)(5) are generally without prejudice so that a plaintiff can cure the defects in process and service of process. See 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 at 345-46 (3d ed. 2008) (because dismissal on Rule 12(b)(5) for improper service of process is not on the merits, it would be error to dismiss with prejudice); see also, e.g., Riley v. Nationscredit Fin. Servs. Corp., No. 2:08CV132-MHT, 2008 WL 3992743, at *1 (M.D. Ala. Aug. 26, 2008); Goldthread v. Davison, No. 3:06-cv-0805, 2007 WL 2471803 (M.D. Tenn. Aug. 29, 2007) (dismissal without prejudice is appropriate under Rule 12(b)(4)); Johnson v. Meachum, 839 F. Supp. 953 (D. Conn. 1993) (same). As noted above, the Court's ruling herein hinges on Rule 12(b)(6) and not Rules 12(b)(4-5). The Court finds dismissal with prejudice is appropriate here given the multiple opportunities for Plaintiff to amend his complaint and his failure to set forth a plausible claim against Wellpath. See Bing v. Brivo Sys., LLC, 959 F.3d 605, 615 (4th Cir. 2020), cert. denied, 141 S. Ct. 1376 (2021) (holding that a dismissal without prejudice did not preclude appeal "because the district court held that the circumstances surrounding [the plaintiff's claim] did not expose [the defendant] to legal liability, and [the plaintiff] has no additional facts that could be added to his complain . . . [and] because the district court dismissed the complaint and directed that the case be closed . . . ." (citations omitted)).